STATE, AUGUSTUS R. MONTGOMERY, PROSECUTOR, v. THE
INHABITANTS OF THE CITY OF TRENTON.

A bond and mortgage given to the trustees for the support of public schools,
cannot be deducted from the valuation of real and personal estate for
which an individual shall be assessed for taxes.

On *certiorari* to the receiver of taxes of the city of Trenton,
bringing up the tax assessed upon the property of the prose-
cutor for the year 1876.

Argued at November Term, 1877, before Justices SCUDDER,
DIXON and REED.

For the prosecutor, *S. M. Dickinson* and *G. D. W. Vroom.*

For the defendants, *E. L. Campbell.*

The opinion of the court was delivered by

SCUDDER, J.   The real and personal property of the prose-
cutor has been assessed at its full amount, without allowance
for debts.   He claimed a deduction for the sum of $10,000,
being the amount of a mortgage upon his real estate in the
second ward of the city of Trenton, held by the "trustees for
the support of public schools."

His claim was not allowed by the board of assessors or the
commissioners of appeal in matters of taxation, and this writ
is brought to test the validity of such action.

This deduction is claimed under section twenty of the act
concerning taxes, passed April 11th, 1866, which enacts "that
after making the valuation of the real and personal estate for
which an individual shall be assessed, it shall be lawful for
the assessor, or for the commissioners of appeal in cases of
taxation, to deduct from such valuation any debt or debts

*bona fide* due and owing from such individual to creditors residing within the state," &c. *Rev., p.* 1157.

It was conceded, on the argument, that the special and local laws applicable to this subject, existing prior to 1875, are repealed by paragraph twelve of the constitutional amendments made in that year, which ordains that " property shall be assessed for taxes under general laws, and by uniform rules, according to its true value." *State, North Ward N. B'k, pros., v. Newark,* 10 *Vroom* 380. It must also be admitted that this case is not affected by the act of April 17th, 1876, (*Rev., p.* 1174,) which authorizes the owners of lands in certain counties to agree not to apply for any deduction by reason of mortgages on lands, for there is no such agreement. Nor will the supplement approved April 17th, 1876, (*Rev., p.* 1163,) which exempts mortgages on lands from taxation, unless claimed by the owner and allowed by the assessor, aid us in determining this question.

The only material inquiry is, whether the deduction for debts, allowed in the twentieth section of the act of 1866, is applicable to a debt secured by bond and mortgage held by the trustees for the support of public schools of New Jersey.

The second section of the above act enacts " that all real and personal estate within this state, whether owned by individuals or by corporations, shall be liable to taxation at the full and actual value thereof," &c. The twentieth section, allowing debts to be deducted, is therefore an exception to the comprehensive terms of the second section. As such exception it is subject to the rule of strict construction which obtains in all cases where exemption or deduction is claimed from assessments of taxes for public purposes. The rule is thus stated : The intention to exempt must, in any case, be expressed in clear and unambiguous terms. Taxation is the rule ; exemption is the exception. All exceptions are to be strictly construed ; they embrace only what is within their terms. *Cooley on Taxation* 146.

By the words of the twentieth section, all debts may not be deducted, but only such as are due to creditors residing in

this state. The creditor of the prosecutor in this case, to whom the debt is due and owing, is the State of New Jersey, represented by the trustees for the support of public schools. As such trustees, they have no individual ownership or property in this debt, secured by bond and mortgage. They are public agents, and not the trustees of private property. The debt represents so much of the state funds raised, received and held for a special purpose, and invested by authority of law, which these trustees are required to administer, apportion and distribute, according to the express direction of the statute by which they are appointed. *Rev.*, *p.* 1081, § 65, &c.

The true creditor, therefore, is not these state officers, who merely represent the public for the convenient transaction of business, whose duties are merely fiduciary and honorable, but the state itself, representing the people who have contributed these funds by taxation, and in other ways. Is the state, then, within the terms of this act, which authorizes the deduction of debts due and owing to resident creditors? It is only by the greatest latitude of construction that we can say that the state resides within the state. The word "residing" refers to individual abode, though it is sometimes used figuratively. It will not apply to the state in its representative and governmental relation to its citizens. The people, as individuals, reside in the state, but the political body called the state cannot be said, in the proper use of language, to reside anywhere. It is evident that the construction which the prosecutor claims, was not in the mind of the legislature when we consider the cause of allowing the exemption. It was to take the tax off one and put it upon another. It is commonly thought that the taxation of debtor and creditor is double taxation, and it is a popular doctrine that a person's debts should be deducted to ascertain the amount of his taxable property. Whether this is a correct principle of assessment is doubtful, but the legislature have acted upon it in passing this act, which allows the deduction of debts when the creditor resides in the state, and is taxable here. If the debtor is allowed to take from the valuation of his property the amount he owes to another,

the legislature intended that the creditor should pay tax for the amount thus deducted, as part of his taxable property. This could not be done when the creditors were non-resident, hence the limitation to debts due to creditors residing within the state, and taxable here. It is manifest that there was no purpose to release the debtor unless the tax could be collected from the creditor. It was the intention to tax all property within the state. Either the debtor must pay the full tax for the property he holds, or, if he claim a deduction for his debts, he and his creditors together must pay the tax. If it was the intention to exempt the borrower of state funds from taxation to the amount of his loan, and withdraw from the taxable property of the state the large sum represented by the school fund, there should have been some clear expression of such purpose, and it should not be left to doubtful interpretation. When money passes out of the state treasury into the hands of a citizen, it loses its immunity from taxation as public funds, and becomes assessable as individual property, unless expressly exempted. The bonds and mortgages representing these funds are held by public officers as public property, and are not liable to taxation. Neither in the words used in this act nor in its reason, do I find the unambiguous expression which is required to exempt property from the burden of general taxation.

The assessment is affirmed.